United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DOREEN PATRICE GARDNER,                      No. C-09-1325 MMC

            Plaintiff,                       **ORDER GRANTING DEFENDANT'S
                                             MOTION FOR SUMMARY JUDGMENT;
      v.                                     VACATING HEARING**

PEDIATRIX MEDICAL GROUP,

            Defendant.
_____/

       Before the Court is defendant's motion for summary judgment, filed May 18, 2009.

Plaintiff has filed opposition, to which defendant has replied.[1]  Having read and considered

the papers filed in support of and in opposition to the motion, the Court deems the matter

appropriate for decision thereon, hereby VACATES the hearing scheduled for August 7,

2009, and rules as follows.

       1.  Contrary to plaintiff's argument, defendant is entitled to summary judgment on

plaintiff's First Cause of Action ("Tortious Termination in Violation of Public Policy"), for the

reason that such cause of action is time-barred.  In particular, plaintiff does not dispute that

her complaint was filed after the expiration of the applicable statute of limitations, and, as

defendant correctly points out, such statute of limitations was not equitably tolled by

_____

       [1]On June 24, 2009, upon the parties' stipulation, the Court continued the hearing on
the motion from June 26, 2009 to August 7, 2009.  (See Order filed June 24, 2009.)

1   plaintiff's filing of an administrative claim with the California Department of Fair Employment

2   and Housing ("DFEH").  <u>See</u> <u>Mathieu v. Norrell Corp.</u>, 115 Cal. App. 4th 1174, 1189 (2004)

3   (holding "there is no basis for recognizing equitable tolling" of cause of action for wrongful

4   termination in violation of public policy on basis of filing of DFEH claim).

5          2.  Contrary to plaintiff's argument, defendant is entitled to summary judgment on

6   plaintiff's Second Cause of Action ("Retaliation" under Cal. Labor Code § 1102.5), for the

7   reason that such cause of action likewise is time-barred.  In particular, plaintiff does not

8   dispute that her complaint was filed after the expiration of the applicable statute of

9   limitations, and <u>McDonald v. Antelope Valley Cmty. Coll.</u>, 45 Cal. 4th 88 (2008), on which

10  plaintiff relies for equitable tolling, is distinguishable.  <u>McDonald</u> involved an employee's

11  voluntary pursuit of an "alternate administrative remedy" prior to the filing of a complaint

12  under the California Fair Employment and Housing Act ("FEHA").  <u>See</u> <u>id.</u> at 96, 101.  Here,

13  by contrast, plaintiff's pursuit of a DFEH claim was not an alternative to filing suit, as her

14  DFEH claim contains no reference to retaliation (<u>see</u> Fair Decl. Ex. L), and indeed, her

15  Second Cause of Action did not accrue until after the filing of the DFEH claim (<u>see</u> Compl.

16  ¶ 23 (alleging "as a consequence of [plaintiff's] reporting" to DFEH and Equal Employment

17  Opportunity Commission ("EEOC") of acts alleged in complaint, defendant "retaliated

18  against plaintiff by terminating [her]").

19         3.  Contrary to plaintiff's argument, defendant is entitled to summary judgment on

20  plaintiff's Third Cause of Action ("Breach of the Implied Covenant of Good Faith and Fair

21  Dealing"), for the reason that plaintiff has failed to submit any evidence suggesting she was

22  not an at-will employee, whereas defendant has shown plaintiff was in fact such an

23  employee.  (<u>See</u> Fair Decl. Ex. B (Employee Handbook and Employment At-Will

24  Confirmation, signed by plaintiff) (stating "I understand that this handbook does not

25  constitute a contract of guaranteed or continued employment and that I am an at-will

26  employee")); <u>Guz v. Bechtel Nat'l, Inc.</u>, 24 Cal. 4th 317, 351 (2000) (holding, where

27  employment is at will, "the implied covenant of good faith and fair dealing imposes no

28  independent limits on an employer's prerogative to dismiss employees").

1    4.  Contrary to plaintiff's argument, defendant is entitled to summary judgment on

2   plaintiff's Fourth Cause of Action ("Violation of California Civil Code § 51, et seq. – the

3   Unruh Civil Rights Act") and plaintiff's Fifth Cause of Action ("Violation of Cal. Civ. Code

4   §[ ] 54, et seq. – the Disabled Persons Act"), for the reason that the statutes under which

5   such causes of action are brought are inapplicable to "employment discrimination."  See

6   Bass v. County of Butte, 458 F.3d 978, 981, 983 (9th Cir. 2006) (rejecting argument that

7   amendment of Unruh Act and Disabled Persons Act to incorporate "[a] violation of the right

8   of any individual under the Americans with Disabilities Act" made such statutes applicable

9   to employment discrimination).

10    5.  Defendant is entitled to summary judgment on plaintiff's Sixth Cause of Action

11   ("Violation of 42 U.S.C. § 12181, et seq. – Title III of the Americans with Disabilities Act"),

12   for the reason that the statute under which such cause of action is brought likewise is

13   inapplicable to employment discrimination.[2]  See Parker v. Metropolitan Life Ins. Co., 121

14   F.3d 1006, 1115 (6th Cir. 1997) (holding "the statutory framework of the ADA expressly

15   limits discrimination in employment practices to Title I of the ADA"); Motzkin v. Trs. of

16   Boston Univ., 938 F. Supp. 983, 996 (D. Mass. 1996) (holding "Title III does not apply to

17   employment discrimination"); see also Weyer v. Twentieth Century Fox Film Corp., 198

18   F.3d 1104, 1114 (9th Cir. 2000) (citing Parker; noting "[w]e see no reason why the rationale

19   of Zimmerman [v. State Dep't of Justice, 170 F.3d 1169 (9th Cir. 1999)]," in which Ninth

20   Circuit held Title II of ADA inapplicable to "employment," would not "apply equally to Title III

21   [of the ADA]").

22    6.  Defendant is entitled to summary judgment on plaintiff's Seventh Cause of Action

23   ("Declaratory Relief").[3]  In particular, to the extent such cause of action is brought on behalf

24   of individuals other than plaintiff, plaintiff lacks standing to pursue her Seventh Cause of

25

26    [2]Plaintiff has not responded to defendant's argument in support of summary
27   judgment on plaintiff's Sixth Cause of Action.

28    [3]Plaintiff has not responded to defendant's argument in support of summary
    judgment on plaintiff's Seventh Cause of Action.

1   Action, and to the extent such cause of action is brought on behalf of plaintiff herself, it is

2   duplicative of plaintiff's other causes of action and fails for the same reasons.

3                                              **CONCLUSION**

4          For the reasons stated above, defendant's motion for summary judgment is hereby

5   GRANTED.

6          The Clerk shall close the file.

7          **IT IS SO ORDERED.**

8

9   Dated:  August 4, 2009

10                                                        MAXINE M. CHESNEY
                                                          United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                    4