IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOREEN PATRICE GARDNER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PEDIATRIX MEDICAL GROUP,<br><br>　　　　Defendant.<br>_____ / | No. C-09-1325 MMC<br><br>**ORDER STRIKING PLAINTIFF'S AUGUST 6, 2009 FILINGS** |

　　　On August 4, 2009, the Court took under submission and granted defendant's motion for summary judgment, which motion had been scheduled for hearing on August 7, 2009. (See Order filed August 4, 2009 ("August 4 Order").) Thereafter, on August 6, 2009, plaintiff filed a "Supplemental Opposition to Defendant's Motion for Summary Judgment" and a declaration in support thereof. The August 6 filings were unauthorized, as no advance approval was sought therefor, and untimely, as they were made almost three weeks after the deadline for filing opposition to defendant's motion and two days after the Court's ruling thereon. See Civ. L.R. 7-3(d) ("[O]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval."); Civ. L.R. 7-3(a) (providing "[a]ny opposition to a motion must be served and filed not later than 21 days before the hearing date"). Further, plaintiff has not shown good cause for such filings, let alone for the timing thereof. Accordingly, plaintiff's Supplemental Opposition and her declaration in support thereof are hereby STRICKEN.

Moreover, even if the Court were to consider plaintiff's filings, the result reached in the Court's August 4 Order would remain unchanged. In particular, with respect to the application of equitable tolling to plaintiff's Second Cause of Action ("Retaliation" under Cal. Labor Code § 1102.5), although plaintiff has submitted a copy of a Department of Fair Employment and Housing ("DFEH") claim that was not previously part of the record, that claim refers to retaliation for "filing a workers compensation claim" (see Gardner Decl. attachments at unnumbered 3), whereas plaintiff's Second Cause of Action alleges retaliation for "reporting" various acts of alleged discrimination (see Compl. ¶ 23); see also McDonald v. Antelope Valley Cmty. Coll., 45 Cal. 4th 88, 102 n.2 (2008) (noting equitable tolling requires that "the facts of the two claims be identical or at least so similar that the defendant's investigation of the first claim will put him in a position to fairly defend the second").[1]  The remainder of plaintiff's evidence is irrelevant or duplicative, and the arguments contained in plaintiff's Supplemental Opposition are unpersuasive and/or inapplicable to the Court's rulings in its August 4 Order.

**IT IS SO ORDERED.**

Dated: August 10, 2009

MAXINE M. CHESNEY
United States District Judge

---

[1] For purposes of its August 4 Order, the Court essentially assumed, arguendo, the relevance of the doctrine of equitable tolling to a claim such as that brought in plaintiff's Second Cause of Action. The Court notes, however, that it is by no means clear that equitable tolling is applicable to claims brought under Cal. Labor Code § 1102.5, or that any such tolling is available on the basis of the filing of a claim with the DFEH. The case on which plaintiff relies, McDonald, concerned a claim brought under the Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900, et seq., which entails an entirely different statutory scheme with respect to the statute of limitations. See McDonald, 45 Cal. 4th at 96.

2